IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TYLER A. HANSEN                                                                              PLAINTIFF

VS.                              CASE NO. 4:12-CV-237 (SWW)

USAA FEDERAL SAVINGS BANK                                                        DEFENDANT

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, USAA Federal Savings Bank ("USAA FSB"), by its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., for its Answer to Plaintiff's First Amended Complaint, states:

1.1     USAA FSB admits that Plaintiff purports to bring this lawsuit pursuant to the provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. USAA FSB denies that it violated the TCPA, and denies that Plaintiff is entitled to any money, relief, or damages from USAA FSB.

1.2     Upon information and belief, USAA FSB admits that Plaintiff is a resident of Sherwood, Pulaski County, Arkansas.

1.3     USAA FSB admits the allegations contained in paragraph 1.3 of Plaintiff's First Amended Complaint.

1.4     USAA FSB admits that jurisdiction is proper in the United States District Court for the Eastern District of Arkansas, Western Division.

1.5     USAA FSB admits that venue is proper in the United States District Court for the Eastern District of Arkansas, Western Division.

2.1     Upon information and belief, USAA FSB admits that Plaintiff's mobile phone number is 501-425-0238.

2.2     USAA FSB admits that the telephone number listed in paragraph 2.2 of Plaintiff's First Amended Complaint is a telephone number utilized by USAA, but denies the number is specific to USAA FSB.

2.3     USAA FSB admits that on February 27, 2012, Plaintiff spoke over the telephone with a USAA FSB representative named, "Kamie," who has an employee ID of 94886.  USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 2.3 of Plaintiff's First Amended Complaint, and therefore denies the same.

2.4     USAA FSB admits that Plaintiff told Kamie over the telephone on February 27, 2012, that USAA FSB was no longer permitted to call his "cell."  USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 2.4 of Plaintiff's First Amended Complaint, and therefore denies the same.

2.5     USAA FSB admits that during the telephone call on February 27, 2012, Kamie verified Plaintiff's home address.  USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 2.5 of Plaintiff's First Amended Complaint, and therefore denies the same.

2.6     USAA FSB states affirmatively that the TCPA speaks for itself, and denies any allegation contained in paragraph 2.6 of Plaintiff's First Amended Complaint that is inconsistent with the TCPA.

3.1     USAA FSB fully adopts and incorporates all paragraphs set forth herein.

3.2     USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.2 of Plaintiff's First Amended Complaint, and therefore denies the same.

3.3     USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.3 of Plaintiff's First Amended Complaint, and therefore denies the same.

3.4     USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.4 of Plaintiff's First Amended Complaint, and therefore denies the same.

3.5     USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.5 of Plaintiff's First Amended Complaint, and therefore denies the same.

3.6     USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.6 of Plaintiff's First Amended Complaint, and therefore denies the same.

3.7     USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.7 of Plaintiff's First Amended Complaint, and therefore denies the same.

3.8     USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.8 of Plaintiff's First Amended Complaint, and therefore denies the same.

3.9     USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.9 of Plaintiff's First Amended Complaint, and therefore denies the same.

3.10 USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.10 of Plaintiff's First Amended Complaint, and therefore denies the same.

3.11 USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.11 of Plaintiff's First Amended Complaint, and therefore denies the same.

3.12 USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.12 of Plaintiff's First Amended Complaint, and therefore denies the same.

3.13 USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.13 of Plaintiff's First Amended Complaint, and therefore denies the same.

3.14 USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.14 of Plaintiff's First Amended Complaint, and therefore denies the same.

3.15 USAA FSB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.15 of Plaintiff's First Amended Complaint, and therefore denies the same.

3.16 USAA FSB denies the allegations contained in paragraph 3.16 of Plaintiff's First Amended Complaint. USAA FSB states affirmatively that the TCPA speaks for itself, and denies any allegation that is inconsistent with the TCPA.

3.17    USAA FSB states affirmatively that the TCPA speaks for itself, and denies any allegation contained in paragraph 3.17 of Plaintiff's First Amended Complaint that is inconsistent with the TCPA.

4.1    To the extent a response is required, USAA FSB denies any and all allegations contained in paragraph 4.1 of Plaintiff's First Amended Complaint.

5.    USAA FSB denies any and all allegations contained in Plaintiff's "WHEREFORE" clause, and denies that Plaintiff is entitled to any money, relief, or damages from USAA FSB.

6.    USAA FSB denies any and all allegations contained in Plaintiff's First Amended Complaint that are not specifically admitted herein.

7.    USAA FSB reserves the right to plead further and assert additional defenses pending the completion of discovery.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.    USAA FSB states affirmatively that Plaintiff's First Amended Complaint fails to state facts or a claim upon which relief can be granted.

2.    USAA FSB states affirmatively that it has acted in good faith at all times in dealing with Plaintiff.

3.    Pending discovery, USAA FSB pleads and preserves all defenses set forth by Rule 12(b) of the Federal Rules of Civil Procedure, specifically including, but not limited to, insufficient process pursuant to Rule 12(b)(4) and insufficient service of process pursuant to Rule 12(b)(5).

4.    Pending discovery, USAA FSB affirmatively pleads accord and satisfaction, payment, release, set-off, statute of frauds, waiver, and all affirmative

defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure applicable to this matter.

WHEREFORE, for the reasons stated herein, Plaintiff's First Amended Complaint should be dismissed, and USAA FSB should be awarded its costs and fees and all other relief to which it may be entitled.

Respectfully submitted,

*/s/ Lyn Pruitt*
Ark. Bar No. 84121
*/s/ Jeffrey L. Spillyards*
Ark. Bar No. 2004159

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, AR 72201
Phone: 501-688-8800
Fax:  501-688-8807
*lpruitt@mwlaw.com*
*jspillyards@mwlaw.com*

*Attorneys for USAA Federal Savings Bank*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 27, 2012, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, and a copy of such filing was sent via U.S. Mail to the following:

Tyler A. Hansen
13 Post Oak Loop
Sherwood, Arkansas 72120

                                  */s/ Jeffrey L. Spillyards*